UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION<br><br>OF<br><br>GIRLIE J. LINGAD | Case No. 06mj1278-POR<br><br>**SUPPLEMENT TO FEBRUARY 16, 2007 FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FINDING EXTRADITABILITY** |

This matter has come before this Court pursuant to Title 18 United States Code, Section 3181, et. seq., for a hearing at the request of the Republic of the Philippines for the extradition of Girlie J. Lingad. This Court held an extradition hearing on November 6, 2006 and January 30, 2007. On March 14, 2007, the Court granted the Government of the United States' ("Government") motion to re-open this case solely for purposes of presenting further evidence on the issue of identity. On March 29, 2007, the Court held a third extradition hearing in this case limited to the issue of identity. After having considered the evidence received at the hearing along with the arguments of counsel, this Court finds the person in custody before the Court is extraditable under the extradition treaty between the United States of America and the Republic of the Philippines ("Treaty").

**I.**

**BACKGROUND**

The facts of this case are summarized in the Court's order dated February 16, 2007. Those same facts apply to the March 29, 2007 hearing on the issue of identity, and therefore are incorporated herein.

In this Court's order dated February 16, 2007, this Court found: (1) that the Court has jurisdiction to decide the question of extradition; (2) that a treaty of extradition exists between the United States and the Republic of the Philippines and that the crimes with which Lingad has been charged are covered by that treaty; (3) that Lingad has been charged with such offenses in the requesting country; (4) that the offenses with which Lingad is charged in the Republic of the Philippines are also offenses in the United States (dual criminality); and (5) that there is some evidence warranting the finding that there is reasonable ground to believe Lingad is guilty (probable cause). The only issue before the Court at this time is identity.

## II.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Government of the Republic of the Philippines has assured the Court that the death penalty is not sought or available for the crimes for which extradition is sought, and therefore the Court does not address this issue.

With respect to the issue of identity, the Court must determine that the person in custody before the Court is the person charged in the Republic of the Philippines and for whom extradition is sought. Based on the evidence presented at the March 29, 2007 hearing, the Court finds there is sufficient evidence to conclude that the person before the Court is the same person wanted in the Republic of the Philippines. The Court's decision is based on (1) information provided by the Republic of the Philippines in the extradition packet, (2) Special Agent Merrilee R. Goodwin's testimony, (3) fingerprints from the Republic of the Philippines and U.S. Marshal Service and testimony of an expert witness in the field of fingerprint comparison, and (4) photo identification by four employees of the United Coconut Planters Bank ("UCPB").

*Special Agent Goodwin's Testimony*

The extradition packet provided by the Republic of the Philippines contains detailed information about Lingad, which Special Agent Goodwin confirmed and utilized to locate Lingad in the United States.

Specifically, a request dated December 15, 2005 by the Department of Justice of the Republic of the Philippines and a Certification from the Bureau of Immigration within the

1 Department of Justice of the Republic of the Philippines indicated Lingad's date of birth is
2 06/02/1971, and Philippine passport number is HH 344539.  (Extradition Packet at 32 and Annex
3 G.)  Additionally, the Certification from the Bureau of Immigration and the affidavit of Ma. Edene
4 M. Recio provided Lingad's departure date from the Republic of the Philippines as April 20, 2004
5 on Philippine Airlines flight number 102.  (Extradition Packet at Annex G and Annex A/H-1.)

6       The information Special Agent Goodwin found matched the information provided by the
7 Republic of the Philippines.  In particular, Special Agent Goodwin testified that a search of Treasury
8 Enforcement Communications System ("TECS") arrival and departure records for Girlie Jimenez
9 Lingad provided that a Gircie Lingap, with a date of birth of 06/02/1971, using Philippine passport
10 number HH 344539 entered the United States on a B-2 visa through Los Angeles International
11 Airport on April 20, 2004 on Philippine Airlines flight 102.  Special Agent Goodwin believes that
12 the entry into TECS of "Gircie Lingap" was a typographical error and should have been entered as
13 Girlie Lingad.

14       Further, Special Agent Goodwin obtained Lingad's U.S. Department of State Nonimmigrant
15 B-1/B-2 Visa Application which indicated a date of birth of 06/02/1971 and a passport number of
16 HH 344539.  The date of birth and passport number from the Visa Application matched the
17 information Special Agent Goodwin obtained through TECS, both of which matched the
18 information provided by the Republic of the Philippines.

19       The Department of Justice of the Republic of the Philippines also identified two residential
20 addresses in the United States for Lingad: (1) 617 Maltman Avenue, Los Angeles, California, and
21 (2) 735 Arroyo Seco Drive, San Diego, California.  (Extradition Packet at 1 and 32.)  Special Agent
22 Goodwin matched the first address with the address provided by Gircie Lingap on her I-94.  She
23 matched the second address with a California Department of Motor Vehicles ("DMV") record for an
24 individual by the name of Girlie J. Ednilao.  (Government's Exhibit 1.)

25       The Department of Justice's December 15, 2005 request indicated Girlie Lingad married a
26 U.S. citizen with the surname Ednilao and that Girlie J. Ednilao is one of Lingad's aliases.
27 (Extradition Packet at 32.)  Special Agent Goodwin compared the DMV record, which listed Girlie
28 J. Ednilao's date of birth as 06/02/1971, with the information provided by the Republic of the

1  Philippines and confirmed that the date of birth in the DMV record is the same date of birth for
2  Girlie Jimenez Lingad.

3  Special Agent Goodwin compared the photographs from the Visa Application and DMV
4  record. Based thereon, she identified the person in the photographs as Lingad, and FBI Agents in
5  San Diego located an individual resembling the person in these photographs. On the day Lingad
6  was arrested, Special Agent Goodwin and other FBI Special Agents followed an individual who they
7  believed to be Lingad from the 735 Arroyo Seco Drive, San Diego, California address. This same
8  person responded affirmatively when asked at the time of her arrest if she was Girlie Jimenez
9  Lingad. Special Agent Goodwin identified the person before the Court as the same person who
10  identified herself as Girlie Jimenez Lingad when she was arrested.

11  Based on Special Agent Goodwin's testimony, the Court finds that the person before it is the
12  same person wanted in the Republic of the Philippines.

13  *Fingerprints*

14  The Government introduced into evidence the right thumb print of Girlie Jaimenez Y Aragon
15  taken by the National Police Commission of the Department of the Interior and Local Government
16  of the Republic of the Philippines.[1] (Government's Exhibit 3.) The Government also introduced
17  fingerprints taken by the U.S. Marshal Service when the person before the Court, identified as Girlie
18  Jimenez Lingad, was arrested on July 7, 2006. (Government's Exhibit 4.) In addition to
19  fingerprints, these documents include photographs of the individual named on the documents.

20  The Government also introduced the testimony of David Beers, an expert witness in the field
21  of fingerprint comparison. Mr. Beers testified that he compared the fingerprints in Exhibits 3 and 4
22  and found that the thumb print in Exhibit 3 is the thumb print of the same person whose thumb print
23  was taken in Exhibit 4.

24  Accordingly, the Court finds the person before the Court is the same person sought by the
25  Republic of the Philippines since the thumb print in Exhibit 4 belongs to the person identified as
26  Girlie Jimenez Lingad arrested by the Government and before the Court.

27

28  [1] Exhibit 3 indicates the right thumb print belongs to "Girlie Jaimenez Y Aragon." The same document includes a photograph of the individual, which is labeled "Jimenez, G.A."

*Identification by UCPB Employees*

The Government introduced into evidence a document from the Republic of the Philippines where four employees of UCPB, who were former officemates of Lingad, identified the photograph from the DMV record as Girlie Lingad or Girlie Lingad Jimenez. (Government's Exhibit 2.)

Although the Court finds that the person pictured in the DMV photograph is the same person before the Court, the Court assigns the least weight to the evidence of identification by former employees. Nevertheless, the Court believes it is properly authenticated to be entered into evidence. The Court finds Exhibit 2 supports other evidence before the Court, and therefore constitutes sufficient evidence for the Court to conclude that the person before the Court is the same person sought by the Republic of the Philippines.

## III.

## CONCLUSION

Based on the evidence introduced by the Government on the issue of identity, this Court finds the Girlie J. Lingad named in the request for extradition and the person brought before this Court on the complaint for extradition are one and the same person.

This order shall supplement this Court's February 16, 2007 order. Based on the January 30, 2007 and March 29, 2007 hearings, the Government has proven the elements necessary to find Lingad extraditable. Therefore, the Court GRANTS the request for extradition with respect to the charged offenses. Accordingly, the Court will certify the above findings, and all documents admitted into evidence, to the Secretary of State, pursuant to 18 U.S.C. § 3184.

Based on an oral motion by Lingad at the extradition hearing on March 29, 2007, this order shall be stayed for a period of thirty (30) days from the date this order is stamped "filed" in order to permit Lingad to file a petition for writ of habeas corpus. At the conclusion of the thirty-day stay, if a habeas petition has not been filed, the Department of Justice shall prepare a certification and order

///

///

///

///

1 | of commitment consistent with this memorandum as required by 18 U.S.C. § 3184.

2 | **IT IS SO ORDERED.**

3 |
4 | DATED:  April 11, 2007

5 | _/s/ Louisa Porter_
6 | LOUISA S PORTER
United States Magistrate Judge

7 | cc:          All parties